IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY WAYNE BECKETT | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-276 |
| ITEX GROUP | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Ricky Wayne Beckett, an inmate at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Itex Group. The case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that on March 15, 2021, he was a resident at the O.W. Collins Senior Apartments in Port Arthur, Texas. The facility is owned by the defendant. Plaintiff states that on March 15, he was pistol whipped while on the defendant's property. He suffered injuries which ultimately required reconstructive surgery.

Discussion

"Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Johnson v. U.S.*, 460 F.3d 616, 621, n.6 (5th Cir. 2006). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). If necessary, federal courts should inquire *sua sponte* whether they have jurisdiction over a matter before proceeding further. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) complete diversity of citizenship between adverse parties and at least $75,000 at issue, *see* 28 U.S.C. § 1332; *Owens Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), or (2) a federal law nexus, *see*

28 U.S.C. § 1331; *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Complete diversity means that a federal court may not exercise diversity jurisdiction if the plaintiff is a domiciliary of the same state as any one of the defendants. *Menendez v. Wal-Mart Stores, Inc.,* 364 F. App'x 62, 65 (5th Cir. 2010*)*. If neither of these requirements are met, federal courts, with limited jurisdiction, do not have authority to hear the matter and must dismiss it for adjudication in the proper tribunal. *Byers v. McAuley*, 149 U.S. 608, 618 (1893) ("The jurisdiction of the federal courts is a limited one, depending upon either the existence of a federal question or diverse citizenship of the parties. Where these elements are wanting, it cannot proceed, even with the consent of the parties.") .

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. Under Section 1983, individuals may file a lawsuit to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States*.  American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *Augustine v. Doe,* 740 F.2d 322, 324-25 (5th Cir. 1984).

A private corporation such as the defendant does not act under color of state law. *Sullivan*, 526 U.S. at 49-50; *Blum v. Yaretsky*, 457 U.S. 991, 1001 (1982). As a result, Section 1983 does not provide him with a basis for jurisdiction. Nor has he cited any other statute which would provide a federal law nexus.

At the time he filed his complaint, plaintiff was residing in Jefferson County, Texas, and was therefore a domiciliary of Texas. Section 1332(c)(1) provides that a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. Plaintiff does not state the defendant is incorporated in a state other than Texas or that it has its principal place of business in a state other than Texas. As a result, plaintiff has failed to demonstrate he is entitled to proceed under the court's diversity jurisdiction.

Plaintiff's complaint does not raise a question of federal law or properly invoke the court's diversity jurisdiction. This lawsuit should therefore be dismissed without prejudice for lack of subject-matter jurisdiction.

## Recommendation

This lawsuit should be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 20th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge